THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| ANGELINA GEIGER, | : | |
| | : | Case No. 20-13311 (MDC) |
| | : | |
| Debtor. | : | |

**AMENDED STIPULATION RESOLVING MOTION OF POLICE AND FIRE FEDERAL CREDIT UNION FOR RELIEF FROM THE AUTOMATIC STAY AND RESOLVING OBJECTION OF POLICE AND FIRE FEDERAL CREDIT UNION TO CONFIRMATION**

The parties filed a Stipulation resolving a Motion for Relief for Automatic Stay and Objection to Confirmation on February 18, 2022, docket #84. This Court approved the Stipulation on February 22, 2022, docket #87. The parties seek to Amend the Stipulation to state the following:

WHEREAS, on August 11, 2020 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code");

WHEREAS, prior to the Petition Date, Debtor was indebted to PFFCU pursuant to a Home Equity Loan. This financing is secured by real property located at 1119 N. 63rd Street, Philadelphia, PA 19151 (the "Real Property");

WHEREAS, the Debtor's obligation to PFFCU for the Real Property is reflected in the Debtor's schedules;

WHEREAS, the Debtor has not made payments to PFFCU since the Petition Date, and is 16 months in arrears on her payments on the Home Equity Loan as of the date of this Stipulation;

122695173-1

WHEREAS, the balance owed to PFFCU to satisfy the Home Equity Loan as of the date of this Stipulation is $25,112.20 (the "Claim");

WHEREAS, on September 3, 2021, PFFCU filed a motion for relief from the automatic stay to exercise its rights with respect to the Real Property due to the lack of adequate protection (the "Motion");

WHEREAS, the hearing on the Motion was continued numerous times;

WHEREAS, on October 13, 2021, the Debtor filed her Second Amended Plan (the "Plan") proposing to wrap the Debtor's post-petition arrears into the Plan and pay the Home Equity Loan in full through the Plan;

WHEREAS, on January 5, 2022, PFFCU filed an Objection to the Plan on the basis that, *inter alia*, the Plan was speculative and not feasible, the Plan was a step up plan with no realistic means of paying the increased payments, and the Debtor is significantly in post-petition arears to PFFCU (the "Objection");

WHEREAS, an evidentiary trial on the Motion and on Confirmation is scheduled for February 22, 2022 at 1 P.M. (the "Trial");

WHEREAS, to avoid the costs of litigation and Trial, the Parties have agreed to amicably resolve the Motion and the Objection on the terms set forth herein;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed as follows:

1. Upon entry of this Stipulation by the Court, the Objection and the Motion will be withdrawn.

122695173-1

2. The Debtor agrees to allow the Chapter 13 Trustee to make adequate protection payments in the amount of $462.92 commencing April 2022 until normal distributions begin to be paid to PFFCU. The Debtor shall receive a credit for all adequate protection payments made against the allowed secured claim to be received by PFFCU ($25,112.20) plus interest as being paid through the plan.

3. Upon the earlier of the Debtor's failure to timely make two consecutive payments to the Chapter 13 Trustee or the Chapter 13 Trustee filing a motion to dismiss, PFFCU can serve a notice of default on the Debtor, through counsel, and the Debtor will have 10 days to cure such default, absent which PFFCU can file a Certification of Default with the Court. Upon the filing of the Certification of Default, the Court shall enter an order granting PFFCU relief from the automatic stay, in rem, as to the Real Property.

4. Each of the signatories to this Stipulation acknowledges and represents that their respective clients have reviewed this Stipulation and have authorized the execution of same by their undersigned counsel.

5. If the instant bankruptcy case is terminated by either dismissal or discharge other than pursuant to 11 U.S.C. § 1328(a), this Stipulation shall be null and void and not binding upon the Parties.

6. This Stipulation may be executed by facsimile and/or e-mail and such facsimile and/or e-mail signatures shall be deemed originals.

7. The signature pages of this Stipulation may be executed in counterparts, and such signature pages, when attached, shall constitute the entire document.

122695173-1

| | |
|---|---|
| CONSENTED TO BY: | DILWORTH PAXSON LLP |
| DATED: March 9, 2022 | */s/ Yonit A. Caplow* <br> Yonit A. Caplow, Esquire <br> *Attorney for PFFCU* |
| CONSENTED TO BY: | Michelle Lee |
| DATED: March 9, 2022 | */s/ Michelle Lee* <br> Michelle Lee, Esquire <br> *Attorney for Debtor* |
| CONSENTED TO BY: | LEEANE HUGGINS, <br> CHAPTER 13 TRUSTEE |
| DATED: March 9, 2022 | */s/ LeeAne Huggins* <br> LeeAne Huggins <br> *Chapter 13 Trustee* |

SO ORDERED:

ENTERED ON: March 10, 2022

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge

122695173-1